IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CASE NO. 14-23238-CMB |
| Martin L. Hampton and<br>Debbie R. Hampton,<br>    Debtor(s). | Chapter 13 |
| | Related to Doc 173 |
| RONDA J. WINNECOUR, Trustee,<br>    Movants, | |
| vs. | |
| Martin L. Hampton and<br>Debbie R. Hampton,<br>    Respondent(s). | |

<u>CONSENT ORDER OF COURT
RESOLVING MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF NON-
EXEMPT SETTLEMENT PROCEEDS</u>

AND NOW, THIS _____ day of _____, 20____, upon consideration of the MOTION FOR ORDER OF COURT AUTHORIZING DISTRIBUTION OF NON-EXEMPT SETTLEMENT PROCEEDS TO UNSECURED CREDITORS, and Response thereto, and upon the Consent of the Chapter 13 Trustee and Debtors, it is hereby ORDERED that:

(a) The net settlement proceeds on reserve with the Trustee, in accordance with the Order of Court entered on January 5, 2017, at Doc 144, in the amount of $31,451.51, shall continue to be held by the Chapter 13 Trustee, for the benefit of general unsecured creditors, pending the entry of the final confirmation of the Debtors Chapter 13 Plan.

(b) Unless otherwise expressly provided for in the Chapter 13 Plan or in the Confirmation Order, the full amount of the settlement proceeds shall be designated as additional plan funding (i.e., as funds in addition to amounts paid or to be paid under the Plan as such plan may be amended from time to time), and shall be distributed to timely filed unsecured creditors in the case, after deducting any Trustee percentage fees not already deducted for said sums, as soon as practical consistent with the Trustee's Office's administrative procedures.

(c) As a result of the unique facts and circumstances of this case, including those that surrounded the presentation and approval of the settlement that generated the proceeds, it is further ORDERED that pursuant

to 11 U.S.C. §349(b), notwithstanding the dismissal of this Chapter 13 case, title to the settlement proceeds shall remain in the Bankruptcy Estate, and jurisdiction over those proceeds shall remain in the Bankruptcy Court. The Chapter 13 Trustee shall be authorized, as soon as practical after the entry of a dismissal Order, to (1) distribute the proceeds in accordance with the terms of the confirmed plan if the confirmation pre-dated the case dismissal; or (2) to seek an Order authorizing the distribution of the proceeds if the dismissal predates a final confirmation Order.  Any proceeds remaining after all claims are paid shall be refunded to the Debtors.

    (d)    In the event the case is converted, before or after confirmation, the proceeds, to the extent not yet distributed in accordance with a confirmed plan, shall be delivered to the Chapter 7 Trustee in accordance with the Paragraph (f) of the Order at Doc 144.

_____
U.S. Bankruptcy Judge

Consented to:


/s/ Owen W. Katz
Owen W. Katz, PA I.D. #36473
Attorney for Trustee
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
okatz@chapter13trusteewdpa.com

/s/Albert G. Reese, Jr.
Albert G. Reese, Jr., PA I.D. #93813
Attorney for debtors
Law Office of Albert G. Reese, Jr.
640 Rodi Road, FL.2, Suite 2
Pittsburgh, PA 15235
412-241-1697
areese8897@aol.com